**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MAIKEL TORRIENTE CASTRO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. CIV-26-2737-SLP** |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

The Court is in receipt of the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 submitted on behalf of Maikel Torriente Castro ("Petitioner") and electronically signed by Michel Equis Castro ("Mr. Equis Castro") as next friend of Petitioner in the above-referenced matter. (Doc. 1). For the reasons stated below, Mr. Equis Castro has not met his burden to establish that he may serve as "next friend" on behalf of Petitioner. This matter may not proceed until this deficiency is cured.

## I. Signing the Petition and Requirements for Next Friend Status

An "application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Individuals who "appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves" are considered "next friends." *See Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). "A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains

the real party in interest." *Id.* at 163. But "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* "[I]f there were no restriction on 'next friend' standing in federal courts, the litigant asserting only a generalized interest in constitutional governance could circumvent the jurisdictional limits of Art. III simply by assuming the mantle of 'next friend.'" *Id.* at 164.

Approval for "next friend" status requires that an individual meet two prerequisites. "First, a 'next friend' must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 163; *see also Williams v. Boone*, 1999 WL 34856, at *5 (10th Cir. Jan. 28, 1999) ("A next friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition."). "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate . . . [and] must have some significant relationship with the real party in interest." *Whitmore*, 495 U.S. at 163-64. "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164. Courts have routinely required "next friends" to provide evidentiary proof in support of their explanations in order to meet the prerequisites. *See Aguilar v. Bragg*, 463 F. App'x 333, 334 (5th Cir. 2012) (affirming dismissal for lack of jurisdiction where an individual alleged a prisoner "could not prosecute the action on his own behalf due to mental incapacitation," but "did not submit a medical professional's opinion to support this claim"); *Fanciullo ex rel. Fanciullo v. Hillhouse*, 2023 WL 6388084, at *1 (E.D. Tex. June 30, 2023) (finding explanations as to why the real party in interest cannot

appear on his own behalf "must be supported by relevant proof"), *adopted*, 2023 WL 6387367 (E.D. Tex. Sept. 29, 2023); *Atkins v. Unnamed Respondent(s)*, 2023 WL 11915617, at *2 (N.D. Ga. Apr. 12, 2023), ("Atkins's unsupported and conclusory assertions that Daddario is mentally deficient or disabled fall far short of the showing required by precedent."), *adopted*, 2023 WL 11915602 (N.D. Ga. May 5, 2023); *United States v. McFarland*, 2023 WL 1452052, at *2 (E.D. Ky. Feb. 1, 2023) ("Duerson has failed to meet his burden of establishing that he can proceed as McFarland's next friend. . . . [because] Duerson has not provided any concrete evidence to support his claim that McFarland's medical condition prevents her from filing her own § 2255 motion."), *cert. of appealability denied*, 2023 WL 6182604 (6th Cir. July 11, 2023), *cert. denied*, 144 S. Ct. 364 (2023).

## II. The Support Presented by Mr. Equis Castro in Support of Next Friend Status Is Insufficient.

Mr. Equis Castro is Petitioner's brother, and he asserts his relationship with Petitioner "has been built on mutual respect, trust, and support." (Doc. 1, at 4, 8). He contends that Petitioner "lacks a meaningful ability to prepare this petition due to detention." (*Id.* at 7); *see also* (*id.* at 8).

The undersigned finds that Mr. Equis Castro's filing indicates a significant relationship between him and Petitioner. However, it falls short of providing an adequate explanation as to why Petitioner cannot appear on his own behalf to prosecute the action. Although Mr. Equis Castro asserts that Petitioner is unable to prepare the petition due to his detention, it is common for detained individuals to prepare legal filings on their own

behalf and proceed *pro se*. If Petitioner has difficulties specific to him, Mr. Equis Castro must describe them with more particularity rather than rely on conclusory statements.

While the undersigned is sympathetic to Mr. Equis Castro's desire to assist Petitioner in being released from custody, there are legal requirements for him to be able to present a Petition on his behalf. He has not met those requirements.

## III. Order and Methods to Cure Deficiency

**IT IS HEREBY ORDERED that the deficiency must be cured on or before October 27, 2026. Failure to comply with this Order may result in the dismissal of this action. There are two methods to cure the deficiency related to signing the Petition:**

One way this case can proceed without dismissal is if Petitioner (1) signs – in pen and ink – and verifies the Petition (Doc. 1) on page 9;[1] and (2) returns the signed document to this Court.

Another way this case can proceed without dismissal is if Mr. Equis Castro provides additional explanations and evidentiary support to meet the requirements of next-friend

[1] The Petition contains Petitioner's electronic signature on page 9. But "a petitioner must hand write his signature in pen and ink: typing a name is not sufficient." *Wynn ex rel. Wynn v. United States*, 2025 WL 1884779, at *1 (E.D. Ky. July 8, 2025) (citing § 11:8 Form of the signature, 1 Federal Rules of Civil Procedure, Rules and Commentary) ("The word 'signature' means a handwritten signature or other hand-placed mark.")). Further, the Federal Rules of Civil Procedure allow for a typed signature only when "made through a person's electronic-filing account and authorized by that person." Fed. R. Civ. P. 5(d)(3)(C). Petitioner does not have an electronic-filing account. This Court's Electronic Filing Policies & Procedures Manual only allows a non-attorney to use an electronic signature if the filer maintains a signed original and certifies the same. ECF Policies & Procedures Manual § II.C.3. That section also contemplates that the filing is electronically signed by counsel. *Id.*

status. Under this pathway to proceed, Mr. Equis Castro must either retain counsel or show cause as to why he may proceed *pro se* as next friend for Petitioner. *See Bermudez Salas v. Figueroa*, No. CIV-26-178-D, 2026 WL 315066, at *2 (W.D. Okla. Feb. 5, 2026) (explaining that "even if [a *pro se* next friend] were recognized as Petitioner's next friend, she could not represent Petitioner or sign filings on her behalf, and would have to employ counsel to do so").

The Clerk of Court is directed to send a copy of the Petition to Petitioner along with this Order.[2]

IT IS SO ORDERED this 6th day of October, 2026.

Amanda L. Maxfield
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] This Order should also be mailed to Mr. Equis Castro.